Harold J. Crawford, J.
Application for an order reviewing the determination of the State Bent Commission.
Petitioner is the owner of a two-family house at Edgemere, New York. On April 1, 1953 the first-floor apartment had been occupied by the petitioner for more than one year and the second-floor apartment was vacant. Under such circumstances both apartments became decontrolled. On July 10, 1958 petitioner leased the first-floor apartment to the tenant, Cora White, and on October 29,1958 petitioner leased the second-floor apartment to another tenant, Annie Hodges. Each lease contained a provision against subletting. Nevertheless each tenant thereafter sublet rooms so that the premises are virtually a rooming house now.
On June 2, 1959 the Local Bent Administrator issued orders fixing maximum rents as between the lessees and the roomers and as between the petitioner and the lessees. Upon protest respondent affirmed these orders.
Petitioner contends that while it was proper for the respondent to fix the maximum rent which the lessees could charge the roomers, respondent had no power to fix the rent between the petitioner and the lessees because the premises had become decontrolled.
Section 2 (subd. 2, par. [h]) of the State Besidential Bent Law (L. 1946, ch. 274, as amd.), as it read in 1958, provided that housing accommodations which were owner occupied or housing-accommodations which became vacant in one or two-family *162 houses were decontrolled so long as the housing accommodations were not rented for other than single-family occupancy.
In 1959 (L. 1959, ch. 695, eff. June 30, 1959) the law was amended to provide that decontrol was effective only iso long as the premises were not occupied for other than single-family occupancy.
Prior to June 30,1959 the renting for single-family occupancy was determinative. If the lessee sublet, it did not change the relationship between the lessee and the landlord. (Matter of Estevez v. Temporary State Housing Rent Comm., 15 Misc 2d 742.) In order to avoid possible subterfuge the law was amended to make occupancy the test. While the amendment is laudable it cannot affect contracts entered into before its enactment since such interpretation would infringe on section 10 of .article I of the United States Constitution, which prohibits the States from enacting a law which impairs the obligation of a contract. The instant leases were both executed in 1958, prior to the amendment of the rent law. They must, therefore, be interpreted in the light of the law as it read when they were. made. At that time the leases constituted valid contracts which the lessees cannot abrogate by their own unilateral action.
Under the circumstances' respondent’s determination is arbitrary and must be annulled. The application is granted. Submit order.